■ ARNOLD MIDLARSKY, Appellant, v ARTHUR J. D'URSO, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—In an action to recover on a promissory note, the plaintiff appeals from (1) so much of an order of the Supreme Court, Nassau County (Balletta, J.), dated November 21, 1986, as permitted the defendant Arthur D'Urso to purge himself of contempt by granting to the plaintiff a security interest in certain real property, and (2) so much of an order of the same court, dated February 18, 1987, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 21, 1986, is dismissed, as that order was superseded by the order dated February 18, 1987, made upon reargument; and it is further,

Ordered that the order dated February 18, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The court is vested with broad discretion in determining appropriate conditions upon which a contemnor may purge the contempt *(see, Matter of Nestler v Nestler,* 125 AD2d 836, 837; *Busch v Berg,* 52 AD2d 1082, 1083; *Matter of Storm,* 28 AD2d 290, 292-293). In this case, the court adjudicated the defendant Arthur D'Urso in contempt for failing to comply with an order of the Supreme Court, Nassau County (Murphy, J.), entered June 18, 1986, directing him to deposit cash into a brokerage account. Inasmuch as the purpose of the order was to provide security for the underlying action, the court did not abuse its discretion in permitting the defendant Arthur D'Urso to purge the contempt by providing the plaintiff with alternative security. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.