■ BARBARA M. BELL, Respondent, v THOMAS H. BELL, Appellant.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Stolarik, J.), entered December 3, 1990 in Rockland County, which granted plaintiff's motion to hold defendant in contempt and denied defendant's cross motion for downward modification of certain pendente lite relief.

The parties were married in March 1974 and have two children. In April 1985, plaintiff commenced this action for divorce and moved for pendente lite relief. Supreme Court granted plaintiff's pendente lite motion and directed, *inter alia,* defendant to pay $375 per week in temporary maintenance and child support and to maintain liquid assets of $150,000 in the United States. From 1985 to 1989, including an 18-month period when defendant was unemployed, Supreme Court denied all of defendant's motions for a downward modification of the pendente lite award. In 1987 defendant was ordered to pay $6,000 in arrears. Thereafter, Supreme Court twice ordered defendant in 1989 to sell bonds in his possession in order to provide the $150,000 in liquid assets to be maintained in the United States and directed defendant to pay arrears of $8,290. Neither of the judgments for arrears were satisfied and defendant continued his failure to make maintenance and support payments. Finally, plaintiff moved

in 1990 for arrears of $21,267.18 and for an order holding defendant in contempt of court. Defendant replied and cross-moved for a downward modification of the pendente lite award. Supreme Court denied the cross motion, granted plaintiff's motion for arrears in the amount of $9,125 and determined that defendant was in contempt. This appeal by defendant ensued. We affirm.

Contrary to defendant's contentions, a hearing is not required on an application to adjudicate defendant in contempt where the papers submitted do not raise factual issues concerning his conduct (see, Bergin v Peplowski, 173 AD2d 1012, 1014; Quantum Heating Servs. v Austern, 100 AD2d 843, 844). Defendant admitted that he was in arrears amounting to $9,125 in temporary maintenance and child support payments for the time period of August 30, 1989 to July 22, 1990. Additionally, it is uncontroverted that defendant did not maintain the $150,000 of liquid assets in the United States as ordered. The record further demonstrates that defendant retains the bonds that he was directed to sell, that he holds 52,000 pounds in a United Kingdom securities account and owns property in Northern Ireland valued at a minimum of $115,000. Based upon these uncontroverted facts, it is clear that defendant had the financial ability to make the payments in arrears but willfully disregarded Supreme Court's prior orders (see, Bomze v Bomze, 54 AD2d 631, 632).

Defendant further claims that Supreme Court failed to consider enforcement means other than contempt to effectuate the pendente lite directives. We disagree. Plaintiff has twice before unsuccessfully sought enforcement of the pendente lite order. Plaintiff also unsuccessfully sought to enforce her money judgment by garnishing various bank accounts of defendant. Given that and Supreme Court's familiarity with defendant's past delinquencies, the court's determination that it presumptively appeared that payment of the arrearages could not be effected through other means is amply supported by record evidence (see, Richter v Richter, 156 AD2d 653). Accordingly, we find that Supreme Court was justified in holding defendant in contempt and did not abuse its broad discretion in determining what conditions to impose in order for defendant to purge himself thereof (see, Midlarsky v D'Urso, 133 AD2d 616, 617).

Defendant has failed to preserve for our review issues relating to an award of counsel fees by excluding this item from his notice of appeal (see, Kinns v Schulz, 131 AD2d 957, 959; Vias v Rohan, 119 AD2d 672). We decline to modify the

pendente lite award and note that a prompt trial date has been set by Supreme Court, which is the preferred method of resolving any alleged inequities *(see, Goldberger v Goldberger,* 159 AD2d 923, 924).

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.