■ NICK LOEWENSTEIN, Appellant, v BRYNA LOEWENSTEIN, Respondent. [607 NYS2d 279] —Order, Supreme Court, Queens County (Joan Marie Durante, J.), entered January 15, 1992, which, *inter alia,* denied plaintiff's motion to vacate a default judgment granting defendant a divorce on her counterclaim, unanimously affirmed. Order, same court and Justice, entered February 22, 1993, which denied plaintiff's motion to vacate a prior order, dated October 20, 1992, *inter alia,* adjudging plaintiff in contempt for non-payment of child support, unanimously affirmed, without costs.

· We agree with the IAS Court that plaintiff failed to substan-

tiate his claim that his failure to appear at the inquest conducted on September 27, 1991 was due to threats he had received from a nonparty, and that his default was willful and should not be vacated (see, O'Donnell v O'Donnell, 172 AD2d 654). Since no appeal lies from a judgment entered upon the default of an aggrieved party (CPLR 5511; see, Katz v Katz, 68 AD2d 536), the review plaintiff seeks of the custody, support, equitable distribution and counsel fees provisions of the divorce judgment cannot be had. Plaintiff's bare claim of inability to comply with the child support order was not sufficient to justify a hearing on defendant's contempt motion (see, Bell v Bell, 181 AD2d 978). Nor can this Court "amend and enlarge" the portion of the IAS Court's order pertaining to plaintiff's access to information about his son, or otherwise grant relief not sought before the IAS Court.

We have considered plaintiff's claim of bias on the part of the IAS Court requiring recusal, and find it to be without merit. Concur—Carro, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.