(November 22, 1994)

■ JEFFREY FARKAS, Appellant, v JENNIFER FARKAS, Respondent. [618 NYS2d 787] —Order of the Supreme Court, Bronx

County (Barry Salman, J.), entered March 11, 1994, which, *inter alia,* adjudicated plaintiff in contempt for failure to comply with a pendente lite order, unanimously reversed, on the law and facts, to vacate the finding of contempt and remanded for a hearing on the issue of whether plaintiff's conduct was calculated to, or actually did, defeat, impede or prejudice the rights or remedies of the wife and for a determination and clarification of the fine to be imposed, if any, without costs or disbursements.

In a prior order of the Supreme Court, Bronx County (Salman, J.), entered June 3, 1992, the defendant wife was granted pendente lite relief, which, *inter alia,* directed the husband to: maintain to the same extent all medical, dental, optical and life insurance policies in effect prior to the parties' separation; pay or reimburse medical, dental, optical and prescription expenses of the wife or their child (she had another child from a previous marriage); make marital residence mortgage payments and other carrying charges, and provide proof of such payments; pay their child's private school tuition and summer camp expenses; pay $7,500 in accountants' and $3,300 in appraisal fees; pay $2,500 in deposition fees; pay $1,500 per month in temporary maintenance and retroactive amounts of $500 per month; pay $1,400 in interim child support and retroactive amounts of $500 per month; pay $10,000 in attorneys' fees; directed the husband to make his corporate books and records available for photocopying; and directed the husband to provide a net worth statement.

Thereafter, the wife sought to hold the husband in contempt for willful failure to comply with the foregoing order.

The IAS Court found the husband in contempt and fined him $58,550.64. This sum included arrears of maintenance and child support totalling $44,900, less $8,500 paid, for a total of $36,400. Utilities arrears were $6,477.40. Medical, dental and optical bills were $2,833.24. Accounting, legal, appraisal and deposition expenses were $23,300, less $10,500 paid, for a total of $12,800. The husband was given the opportunity to purge by paying the fine and furnishing proof of payment that he was current on his other obligations. A stay of the order was granted.

The IAS Court did not err in failing to hold a hearing with respect to the husband's assertion of financial inability. The bare conclusory claim of inability in this case, unsupported by tax returns or other documentation, was insufficient to war-

rant a hearing (see, Loewenstein v Loewenstein, 201 AD2d 286). There was no factual dispute raised by the husband that could not be resolved on the papers alone (see, Matter of Benny v Benny, 199 AD2d 384, 388; Bowie v Bowie, 182 AD2d 1049, 1050). A hearing is required only when the affidavits demonstrate a genuine issue as to whether a party is able to abide by the terms of the order or judgment, such as, for example, where the noncomplying party submits a *detailed* affidavit as to his inability to pay (see, Singer v Singer, 52 AD2d 774).

The husband's general statement concerning the decline of the real estate market and his resort to the equity in his building(s) to meet living expenses is insufficient for this purpose. The reference in his brief to an "abundance of evidence" of his financial inability has no basis in the record.

Similarly meritless is the husband's claim that he previously sought a downward modification on the basis of his claimed financial inability through his motion to reargue the IAS order initially imposing the obligations, inasmuch as the papers on reargument are not part of the record and therefore the details of his showing are not available for this Court's review.

Finally, the husband's contention that the wife is delaying the litigation by refusing to conduct discovery, also lacks any basis in the record. To the contrary, the wife was forced to move to compel discovery in the very same application by which she moved for contempt; in any event, the parties stipulated to omit from the record the papers with respect to discovery, and therefore the husband's argument on this point is dehors the record.

The IAS Court correctly ruled that the wife did not have to exhaust other enforcement remedies before seeking to hold the husband in contempt. In view of the husband's self-employed status, resort to an income deduction order pursuant to CPLR 5241 or 5242 would have been ineffectual. The same holds true with respect to the remedies of execution and sequestration, since he *did not deny* the wife's assertion that his real estate interests were held in conjunction with others, though he did discuss her contention (see, Rosenblitt v Rosenblitt, 121 AD2d 375; cf., Raphan v Raphan, 63 AD2d 624, 626). Thus, it was immaterial that the wife already had a judgment. The ineffectual nature of alternatives to contempt need not be determined with a high degree of certainty, Domestic Relations Law § 245 requiring only that "it appears presumptively" that payment cannot be otherwise enforced.

The wife concedes an error of $720.95 with respect to the medical expenses, although the husband claims this amount to be $770. The husband also claims an error of $478 with respect to the optical bills, since he claims that amount is not documented. The checks submitted are illegible.

The husband seeks a remand for the IAS Court to state whether the amount of the contempt fine also included the amounts awarded in the order granting judgment dated May 13, 1993, while the wife maintains that the IAS Court credited the $19,000 paid after the motion was brought.

While the court did credit a total of $19,000 in payments, it is not clear whether the fine also reflects the amounts awarded in the May 1993 order. Thus, the possibility exists that the fine includes a double recovery for the wife and that the husband should be entitled to purge any contempt by paying a lesser amount. The fine imposed must be limited to the actual injury produced by the misconduct *(Quantum Heating Servs. v Austern,* 100 AD2d 843, 844).

In a case of civil contempt, the court must expressly find that the person's actions were calculated to, or actually did defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding (Judiciary Law § 753 [A] [3]). Moreover, there must be a recital to that effect (Judiciary Law § 770; *see, Oppenheimer v Oscar Shoes,* 111 AD2d 28, 29). Here, there was no such express finding or recital by the IAS Court.

Accordingly, we modify to reverse the finding of contempt and remand for an express finding as to whether or not the husband's conduct was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of the wife and for a determination and clarification of the fine to be imposed, limited to the actual injury incurred by the misconduct, if any. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.