■ In the Matter of LISA SAND, Respondent, v ROBERT D. SAND, Appellant. [736 NYS2d 102] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from (1) a decision of the Family Court, Nassau County (Watson, H.E.), entered May 19, 2000, (2) an order of the same court, also entered May 19, 2000, which, after a hearing, in effect, denied his motion for downward modification of his maintenance and child support obligations, and, upon determining that he willfully failed to abide by those obligations, granted the mother's cross motion for leave to enter a judgment against him in the sum of $151,381.98 representing his arrears, and (3) an order of the same court (Foskey, J.), entered September 22, 2000, which denied his objections to the order entered May 19, 2000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order entered May 19, 2000, is dismissed, as that order was superseded by the order entered September 22, 2000; and it is further,

Ordered that the order entered September 22, 2000, is affirmed; and it is further,

Ordered that the mother is awarded one bill of costs.

In support of the motion for downward modification of his maintenance and child support obligations and in opposition to the mother's cross motion for leave to enter a judgment against him representing his arrears, the father testified at a hearing that, although he failed to make his required payments of $1,000 per week, he had no assets or bank account, he owed large debts, and he was only earning $900 per week. However, after examining the lifestyle led by the father with his new wife, his prior experience and earnings in cash businesses, and other evidence including unfiled tax return documents, the Hearing Examiner determined that the father's testimony lacked credibility.

The credible evidence supported the Hearing Examiner's determination that the father was earning more money than he was reporting to the court, that he was able to make the required payments, and that he willfully failed to abide by his maintenance and child support obligations (*see, Matter of Powers v Powers,* 86 NY2d 63, 69-70; *Matter of Davis v Davis,* 197 AD2d 622, 623; *Ruggerio v Ruggerio,* 173 AD2d 595, 597). Thus, the Hearing Examiner properly awarded the mother $151,381.98 representing the father's arrears. This Court will not disturb the Hearing Examiner's findings or the findings of the Family Court, in light of the deference given to a Hearing Examiner with regard to credibility determinations (*see, Adinolfi v Adinolfi,* 242 AD2d 311; *Bucci v Bucci,* 231 AD2d 665), and the evidence supporting those determinations. Luciano, J.P., Townes, Crane and Prudenti, JJ., concur.