■ MARSHA NORMAN, Appellant, v TIMOTHY DYKMAN, Respondent. [808 NYS2d 80]—In a matrimonial action in which the parties were divorced by judgment dated November 17, 1997, which incorporated but did not merge the terms of a stipulation of settlement, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated March 22, 2004, as denied her motion for a downward modification of her maintenance and child support obligations, the appointment of a Law Guardian for the parties' children, and a hearing on the issue of custody, and granted the defendant's motion for arrears in the sum of $77,500.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff failed to demonstrate that continued enforce-

ment of her obligation to pay maintenance under the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, would create an "extreme hardship" (*Matter of Ross v Ross*, 297 AD2d 286, 287 [2002]; *see Pintus v Pintus*, 104 AD2d 866, 867-868 [1984]; *see also* Domestic Relations Law § 236 [B] [9] [b]). She also failed to establish a substantial, unanticipated, and unreasonable change in circumstances warranting a reduction in child support (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *Praeger v Praeger*, 162 AD2d 671, 673 [1990]; *Nordhauser v Nordhauser*, 130 AD2d 561, 562 [1987]). Thus, the Supreme Court properly denied that branch of her motion which was for a downward modification.

Under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for the appointment of a Law Guardian (*see Riccio v Riccio*, 21 AD3d 1107 [2005]; *Dodaro v Dodaro*, 269 AD2d 420 [2000]). In addition, the Supreme Court properly found that there was insufficient evidence to warrant a hearing on the issue of custody (*see Nash v Yablon-Nash*, 16 AD3d 471 [2005]; *Matter of Timson v Timson*, 5 AD3d 691 [2004]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.