STEPHANIE LOPEZ, Respondent, v SIMON AJOSE, Appellant. [824 NYS2d 113]—

In a matrimonial action in which the parties were divorced by judgment dated July 5, 2001, the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated March 29, 2005, as granted those branches of the plaintiff former wife's motion which were (a) to hold him in contempt for failing to comply with certain provisions of the judgment of divorce requiring payment of child support and equitable distribution, and (b) to consolidate the action with a proceeding he brought in the Family Court, Kings County, seeking modification of his child support obligation.

Ordered that the order is modified, on the law, by adding to the end of the first sentence of the decretal paragraph on page 10 of the order the words: "and that the former husband's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of the former wife"; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court properly determined without conducting a hearing that the former husband's acknowledged defaults with respect to the financial obligations he agreed to pursuant to stipulations which were incorporated into the judgment of divorce were willful (see Domestic Relations Law § 245; Stempler v Stempler, 200 AD2d 733 [1994]; Orlando v Orlando, 222 AD2d 906 [1995]; Bell v Bell, 181 AD2d 978 [1992]; Farkas v Farkas, 209 AD2d 316 [1994]; cf. Bisnoff v Bisnoff, 27 AD3d 606 [2006]) and that less drastic enforcement measures than seeking to hold the former husband in contempt would be ineffectual (see Domestic Relations Law § 245; Turk v Turk, 226 AD2d 448 [1996]; Farkas v Farkas, supra; Haber v Haber, 225 AD2d 664 [1996]; Snow v Snow, 209 AD2d 399 [1994]; cf. Rienzi v Rienzi, 23 AD3d 447 [2005]).

Moreover, the former husband, a Columbia Law School graduate who passed the New York State Bar examination in Febru-

ary 2003, clearly chose to represent himself in this post-judgment enforcement proceeding. His additional contention on appeal that he was entitled to appointment of an attorney and that a hearing was required on this issue is without merit because he clearly waived any right to have an attorney appointed to represent him (*see Matter of Dorner v McCarroll,* 271 AD2d 530 [2000]). In any event, the former husband's assertions concerning his financial circumstances (that he had no assets or income) were unsubstantiated by the required tax returns (*see Farkas v Farkas, supra*) and contradicted by his own statement before the court on February 2, 2005, to the effect that he had funds available which he preferred not to spend on an attorney.

The court providently exercised its discretion in granting that branch of the former wife's motion which was for consolidation of her post-judgment enforcement proceeding and the Suffolk County Family Court proceeding brought by the former husband for downward modification of his support obligations (*see Perlmutter v Perlmutter,* 65 AD2d 601 [1978]).

The former husband is correct that the order appealed from failed to set forth the required recital that the contemptuous conduct was "calculated to or actually did defeat, impair, impede or prejudice the [wife's] rights or remedies" (*Stempler v Stempler,* 200 AD2d 733, 734 [1994] [internal quotation marks omitted]; *see Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790 [1983]). However, since the finding of contempt is supported by the record, the omission was a mere irregularity which may be corrected on appeal (*see Raphael v Raphael,* 20 AD3d 463 [2005]; *Matter of Reichling v Reichling,* 16 AD3d 424 [2005]; *Matter of Laland v Edmond,* 13 AD3d 451 [2004]; *Barkan v Barkan,* 271 AD2d 466 [2000]). Accordingly, we modify the order to include the requisite recital.

The former husband's remaining contentions are without merit. Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur. [*See* 7 Misc 3d 1024(A), 2005 NY Slip Op 50717(U) (2005).]