■ Jo-Anne C. Schlakman, Respondent, v Geoffrey C. Schlakman, Appellant. [833 NYS2d 121]—

In a matrimonial action in which the parties were divorced by judgment entered June 9, 2003, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated July 7, 2005, as, after a hearing, denied his motion for a downward modification or suspension of his maintenance obligation, and a downward modification of his child support obligation, as provided in a stipulation of settlement dated November 15, 2002, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

Having executed a stipulation of settlement which was incorporated but not merged into the subsequent judgment of divorce, the defendant was required to establish an unanticipated change in circumstances to justify a downward modification of his child support obligation (*see Mahato v Mahato*, 16 AD3d 386 [2005]; *Praeger v Praeger*, 162 AD2d 671 [1990]), and an extreme hardship to justify a suspension or reduction of spousal maintenance (*see* Domestic Relations Law § 236 [B] [9] [b]; *Beard v Beard*, 300 AD2d 268 [2002]; *Vinnik v Vinnik*, 295 AD2d 339 [2002]).

The Supreme Court, which heard the evidence and observed the witnesses' demeanor, properly rejected the defendant's allegation of an unanticipated change in circumstances warranting a downward modification of his child support obligation (*see Douglas v Douglas*, 7 AD3d 481 [2004]; *Matter of Barrett v Pickett*, 5 AD3d 591 [2004]). Furthermore, the evidence at the hearing did not establish that the defendant will suffer extreme hardship in paying for his obligations so as to merit a reduction or suspension of his maintenance obligation (*see Norman v Dykman*, 23 AD3d 358, 359 [2005]; *Beard v Beard, supra*).

The defendant's remaining contentions are without merit. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.