■ Everett DeWitt, Appellant, v Antoinette DeWitt, Also Known as Antoinette Giampietro, Respondent. [879 NYS2d 516]—

In a matrimonial action in which the parties were divorced by judgment dated December 5, 1997, the plaintiff appeals from stated portions of an order of the Supreme Court, Suffolk County (McNulty, J.), dated February 15, 2008, which, inter alia, denied that branch of his motion which was to terminate certain pension payments made to the defendant pursuant to a qualified domestic relations order of the same court entered December 10, 1997.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff former husband and the defendant former wife were divorced in 1997, after approximately nine years of marriage. On January 30, 1997, the parties entered into a stipulation of settlement which provided, inter alia, that the defendant was "entitled to a 50% share of the marital portion" of the plaintiff's pension with the New York State Firemen and Policemen's Retirement System. The stipulation also contained a general provision relating to the equitable distribution of property, wherein the defendant waived "any and all claims, legal or equitable, to any interest, value or equity" of the plaintiff and assigned to the plaintiff "all claims . . . in his pension." On December 10, 1997, a qualified domestic relations order was entered upon the stipulation. In 2007 the plaintiff moved, inter alia, to terminate certain pension payments made to the defendant pursuant to the qualified domestic relations order, arguing, among other things, that the clauses in the stip-

ulation relating to the pension were contradictory and "should be deemed invalid." In the order appealed from, the Supreme Court denied that branch of his motion. We affirm the order insofar as appealed from.

A settlement agreement is a contract subject to principles of contract interpretation (*see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]). "Where there is an inconsistency between a specific provision and a general provision of a contract, the specific provision controls" (*Aguirre v City of New York,* 214 AD2d 692, 693 [1995]). Here, the specific provision relating to the defendant's entitlement to a "50% share of the marital portion" of the pension is controlling.

The plaintiff's remaining contentions either are without merit or cannot be determined on this record. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.