■ GARY SOLOMON, Appellant, v NANCY SOLOMON, Respondent. [901 NYS2d 550]—In a matrimonial action in which the parties were divorced by judgment entered May 29, 2008, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated May 6, 2009, as, in effect, granted that branch of the defendant's motion which was to enforce the provision of the parties' stipulation of settlement dated April 25, 2008, which was incorporated but not merged into the judgment of divorce, which fixed the valuation date of the marital portion of their respective retirement accounts at 30 days following the date of execution of the stipulation of settlement.

Ordered that the order is affirmed insofar as appealed from, with costs.

A stipulation of settlement in a matrimonial action is a contract "subject to principles of contract interpretation" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see DeWitt v DeWitt*, 62 AD3d 744, 745 [2009]; *Micciche v Micciche*, 62 AD3d 673, 673 [2009]; *Oakes v Oakes*, 38 AD3d 865 [2007]). "The first and best rule of construction of every contract, and the only rule we need here, is that, when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" (*Ernst v Ernst*, 8 AD3d 331, 332 [2004] [internal quotation marks omitted]).

In this case, the parties' stipulation of settlement clearly and unambiguously fixed the valuation date of the marital portion of their respective retirement accounts at 30 days from the date of execution of the stipulation. The Supreme Court properly rejected the plaintiff's contention that the appropriate valuation date was the date of distribution of the subject accounts (*id.* at 332-333).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.