In a matrimonial action in which the parties were divorced by judgment dated December 7, 2005, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated October 7, 2009, as, after a hearing, granted the defendant former wife’s motion to hold him in contempt for failing to comply with certain provisions of the judgment of divorce requiring payment of maintenance, equitable distribution, and attorney’s fees. By decision and order on motion dated November 19, 2009, this Court stayed enforcement of the order appealed from pending hearing and determination of the appeal.
Ordered that the order is affirmed insofar as appealed from, with costs.
The parties were divorced by judgment dated December 7, 2005. By order to show cause dated April 10, 2009, the defendant moved to hold the plaintiff in contempt for failing to comply with certain provisions of the judgment of divorce requiring payment of maintenance, equitable distribution, and attorney’s fees. The order to show cause provided that it was to be served upon the plaintiff in accordance with CPLR 308 (2). After a hearing, the Supreme Court granted the defendant’s motion. We affirm the Supreme Court’s order insofar as appealed from.
Contrary to the plaintiffs contention, the defendant established that she complied with the method of service require *1060 ment set forth in the order to show cause (see City of New York v Miller, 72 AD3d 726, 727-728 [2010]). The Supreme Court also properly determined that the plaintiff “ma[de] default in paying” sums of money as required by the judgment of divorce, and that enforcement measures less drastic than seeking to hold the plaintiff in contempt would be ineffectual (Domestic Relations Law § 245; Lopez v Ajose, 33 AD3d 976 [2006]).
The plaintiffs remaining contentions are either unpreserved for appellate review or without merit. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.