■ JANET TAYLOR, Respondent, v IAN ROSS TAYLOR, Appellant. [920 NYS2d 419]—

In a matrimonial action in which the parties were divorced by judgment dated August 1, 2005, the defendant former husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 29, 2010, which, after a hearing, inter alia, denied his motion for a downward modification of his maintenance and child support obligations, as provided in a stipulation of settlement dated July 14, 2005, which was incorporated but not merged into the judgment of divorce, and granted that branch of the cross motion of the plaintiff former wife which was to hold him in contempt for failure to pay maintenance arrears.

Ordered that the order is modified, on the law, by adding to the provision thereof holding the defendant in contempt after the words "and past due support arrears to plaintiff" the words ", and that the defendant former husband's conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights and remedies of the plaintiff former wife;" as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff former wife.

The parties were married and have four children. In 2004, the plaintiff former wife commenced this action for a divorce

against the defendant former husband. In 2005, the parties entered into a stipulation of settlement, which provided, inter alia, that the plaintiff would have custody of the children, and that the defendant would pay maintenance and child support in an agreed-upon amount. The stipulation also provided that the defendant waived his right to seek any downward modification of his maintenance obligation until August 1, 2012, "excluding an unforeseen, unanticipated catastrophic event, that so negatively impacts the Husband's health or earning capacity as to result in 'extreme hardship' to him as that term is set forth in [Domestic Relations Law] § 236 (B) (9) (b)." The stipulation was incorporated but not merged into the judgment of divorce dated August 1, 2005.

After the defendant lost his job at Bear Stearns in 2008 and was hired by Natixis, a French bank, the defendant moved for a downward modification of his maintenance and child support obligations.

After a hearing, the Supreme Court properly denied that branch of the defendant's motion which was for a downward modification of his maintenance obligation. The evidence at the hearing showed that, although the economic downturn resulted in the defendant losing his job at Bear Stearns and earning a substantially smaller bonus in 2009 than he had received in previous years at Bear Stearns, the defendant's base salary and compensation plan at Natixis were similar to his base salary and compensation plan at Bear Stearns. Moreover, the evidence at the hearing showed that the economic downturn did not result in any appreciable change in the defendant's lifestyle (see Matter of Sand v Sand, 290 AD2d 451, 452 [2002]; Matter of Westwater v Donnelly, 204 AD2d 467, 468 [1994]; Sofia v Sofia, 162 AD2d 594 [1990]). Accordingly, the defendant failed to demonstrate that continued enforcement of his obligation to pay maintenance under the parties' stipulation of settlement would create an "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]; see Schlakman v Schlakman, 38 AD3d 640, 641 [2007]; Norman v Dykman, 23 AD3d 358, 358-359 [2005]; Sofia v Sofia, 162 AD2d at 594).

The Supreme Court also properly denied that branch of the defendant's motion which was for a downward modification of his child support obligation. The defendant failed to establish a substantial, unanticipated, and unreasonable change of circumstances sufficient to warrant such a modification (see Schlakman v Schlakman, 38 AD3d at 641; Beard v Beard, 300 AD2d 268 [2002]; Matter of Westwater v Donnelly, 204 AD2d at 468; Sofia v Sofia, 162 AD2d at 594).

The Supreme Court also properly granted that branch of the plaintiff's cross motion which was to hold the defendant in contempt for failure to pay maintenance arrears. Contrary to the defendant's contention, the plaintiff demonstrated that the defendant's admitted failure to pay maintenance arrears was willful (*see* Domestic Relations Law § 245; *Lopez v Ajose*, 33 AD3d 976, 977 [2006]; *Orlando v Orlando*, 222 AD2d 906, 908-909 [1995]). The defendant is correct that the order appealed from failed to set forth the required recital that the contemptuous conduct was "calculated to or actually did defeat, impair, impede or prejudice the [plaintiff's] rights or remedies" (*Stempler v Stempler*, 200 AD2d 733, 734 [1994] [internal quotation marks omitted]; *see Biggio v Biggio*, 41 AD3d 753, 754 [2007]; *Lopez v Ajose*, 33 AD3d at 977). However, since the finding of contempt is supported by the record, the omission was a mere irregularity which may be corrected on appeal (*see Biggio v Biggio*, 41 AD3d at 754; *Lopez v Ajose*, 33 AD3d at 977; *Raphael v Raphael*, 20 AD3d 463, 464 [2005]). Accordingly, we modify the order to add the requisite language.

The defendant's remaining contentions are without merit. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.