■ In the Matter of AARON D. McANDREW, Appellant, v MICHELLE L. McANDREW, Respondent. [924 NYS2d 549]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Singer, J.), dated September 23, 2010, which denied his objection to an order of the same court (Watson,

S.M.), dated June 29, 2010, which, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the order dated September 23, 2010, is reversed, on the facts, without costs or disbursements, the objection is granted, the order dated June 29, 2010, is vacated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the father's petition.

A party seeking to modify a child support obligation contained in a stipulation of settlement which was incorporated but not merged into the subsequent judgment of divorce must demonstrate a substantial unanticipated and unreasonable change in circumstances (see Schlakman v Schlakman, 38 AD3d 640 [2007]; see also Taylor v Taylor, 83 AD3d 815 [2011]). "In determining whether there has been a substantial change in circumstances, the change is measured by comparing the payor's financial situation at the time of the application for a downward modification with that at the time of the order or judgment" (Basile v Wiggs, 82 AD3d 921, 921 [2011] [internal quotation marks and citations omitted]). A parent's loss of employment may constitute a change of circumstances warranting a downward modification of child support if it is demonstrated that the noncustodial parent has diligently sought reemployment (see Ritchey v Ritchey, 82 AD3d 948 [2011]).

Here, the father made a prima facie showing of a substantial unanticipated and unreasonable change in circumstances by submitting a termination of employment packet and testifying that he was laid off from his position in March 2010 through no fault of his own. He further demonstrated his diligence in seeking new employment by submitting a detailed list of positions that he applied for, e-mails that he sent to potential employers, and responses from potential employers. Despite these efforts, the father was unable to find work.

In denying the father's petition, the Family Court erroneously relied on the father's admission that at the time that he signed the stipulation of settlement which set his child support obligation, he had been changed from a salaried employee making $60,000 per year to an employee working strictly on commission with earnings of no more than $49,894 and concluded that this established that the loss of income was not unanticipated. However, there was no allegation or concomitant showing on this record that the father had any problems meeting his child support obligation notwithstanding his decreased income or that he had petitioned for a downward modification prior to being laid off.

Furthermore, contrary to the Family Court's finding, the fact that the father attempted to find new or additional employment more than a year prior to being laid off shows that the father was being proactive once he sensed that his employer was experiencing financial difficulties. The evidence does not sufficiently prove that the father knew, at the time that he executed the stipulation of settlement or the court entered the judgment of divorce, that he was going to be laid off. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.