■ Martin Carlin, Appellant-Respondent, v Barbara Carlin, Respondent-Appellant. [969 NYS2d 115]—

In a matrimonial action in which the parties were divorced by judgment dated May 27, 2008, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Neary, J.), entered June 28, 2011, as, without a hearing, granted the defendant's motion to hold him in contempt for failing to pay a $3,000,000 distributive award pursuant to the judgment of divorce which incorporated, but did not merge, the terms of a stipulation of settlement dated May 20, 2005, (2), as limited by his brief, from so much of an order of the same court entered January 25, 2012, as, after a hearing, permitted the plaintiff to purge himself of the contempt by paying the sum of $1,500,000 to the defendant by March 14, 2012, directed the plaintiff to appear in court on March 14, 2012, to offer proof that he purged himself of the contempt, directed that in the event the plaintiff failed to purge himself of the contempt, he would be committed to the Westchester County

Jail for a period of six months, and awarded the plaintiff offsets in the sum of only $377,100 against the distributive award, (3), as limited by his brief, from so much of an order of the same court dated March 14, 2012, as, upon, in effect, finding that the plaintiff failed to purge himself of the contempt, denied his oral application to stay the issuance and enforcement of a bench warrant for his arrest and directed the issuance of a bench warrant for his arrest, and (4) an arrest warrant of the same court, also dated March 14, 2012, and the defendant cross-appeals, as limited by her brief, from so much of the order entered January 25, 2012, as awarded the plaintiff offsets in the sum of $377,100 against the distributive award.

Ordered that the appeal from the arrest warrant is dismissed, as no appeal lies from an arrest warrant (*see* CPLR 5512 [a]); and it is further,

Ordered that the appeal from the order dated March 14, 2012, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order entered June 28, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 25, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 25, 2012, is reversed insofar as cross-appealed from, on the law, and the plaintiff is awarded $0 in offsets against the distributive award; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Contrary to the plaintiff's contention, the Supreme Court properly determined, without conducting a hearing, that his failure to comply with a provision of a stipulation of settlement dated May 20, 2005, incorporated by reference into a judgment of divorce dated May 27, 2008, requiring him to pay the defendant a $3,000,000 distributive award, was willful, and that an adjudication of contempt was warranted (*see Rocco v Rocco*, 90 AD3d 886 [2011]; *Lopez v Ajose*, 33 AD3d 976 [2006]; *York v York*, 250 AD2d 838 [1998]; *Turk v Turk*, 226 AD2d 448 [1996]). The plaintiff's allegations that he had been unable to pay the award in the installments required in 2006 and 2008 were unsubstantiated and, thus, insufficient to warrant a hearing (*see Rocco v Rocco*, 90 AD3d at 886; *Farkas v Farkas*, 209 AD2d 316, 317-318 [1994]; *see also Lopez v Ajose*, 33 AD3d at 977; *Ovsanikow v Ovsanikow*, 224 AD2d 786 [1996]; *Rosenblitt v Rosenblitt*, 121 AD2d 375 [1986]).

The defendant correctly contends that the plaintiff was not entitled to any offset to the distributive award. In interpreting the stipulation of settlement in a manner so as to give full meaning and effect to its material terms (*see Lobacz v Lobacz*, 72 AD3d 653, 654-655 [2010]; *McQuade v McQuade*, 67 AD3d 867, 869 [2009]), " 'the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Bayen v Bayen*, 81 AD3d 865, 866 [2011], quoting *Herzfeld v Herzfeld*, 50 AD3d 851, 851 [2008] [internal quotation marks omitted]; *see Fetner v Fetner*, 293 AD2d 645 [2002]). Here, a plain reading of article XI of the stipulation of settlement yields the inescapable conclusion that the defendant was entitled to $3,000,000 as an equitable distribution award, without any offsets. Accordingly, the Supreme Court erred in awarding the plaintiff an offset of $377,100 to the distributive award.

The plaintiff's remaining contentions are without merit.

We decline the defendant's request to impose a sanction upon the plaintiff for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Balkin, J.P., Hall, Lott and Miller, JJ., concur.