In the Matter of Elizabeth Grill, Respondent, v Christian Genitrini, Appellant. [978 NYS2d 881]—

A stipulation of settlement is a contract "subject to principles of contract interpretation" (*Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Solomon v Solomon*, 74 AD3d 784 [2010]; *DeWitt v DeWitt*, 62 AD3d 744, 745 [2009]). " '[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized' " (*Fetner v Fetner*, 293 AD2d 645, 645 [2002], quoting *Joseph v Creek & Pines*, 217 AD2d 534, 535 [1995]; *see Carlin v Carlin*, 108 AD3d 493, 495 [2013]; *Bayen v Bayen*, 81 AD3d 865, 866 [2011]; *Herzfeld v Herzfeld*, 50 AD3d 851 [2008]).

Here, the parties' stipulation of settlement dated June 8, 2010, provided, inter alia, that the children would be raised in the Jewish faith, including, without limitation, attending religious school. While the stipulation of settlement also stated

that "[n]either parent shall enroll the [c]hildren in an Activity during the other parent's scheduled access time without the consent of the other parent," that provision related to "Extracurricular Activities/Summer Camp." In interpreting the stipulation of settlement in a manner so as to give full meaning and effect to its material terms (*see Carlin v Carlin*, 108 AD3d at 495; *Lobacz v Lobacz*, 72 AD3d 653, 654-655 [2010]), contrary to the father's contention, the subject child's attendance at religious school cannot be considered an "Activity" within the meaning of the stipulation of settlement. Accordingly, the Family Court, in effect, properly granted the mother's petition for enforcement of the parties' stipulation of settlement to the extent of directing that the subject child "shall attend Hebrew School." Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.