Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 8, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiffs motion to hold defendant in civil contempt of court for violation of a temporary restraining order (TRO), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 8, 2013, to the extent that it granted defendant’s motion to reargue and, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.
Supreme Court properly held defendant in contempt where she violated the TRO, which unequivocally prohibited her from having guests reside in her apartment for more than five days if *443 she were not residing there (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). The evidence, including video footage, a logbook, and affidavits, established that defendant was not residing in the unit and that she had guests residing there for more than five days. Defendant’s knowledge of the TRO was established both by her attorney’s acceptance of service of the TRO and her attempt, the day after the TRO was issued, to transfer the unit to herself and to one of the guests residing in the unit, which plaintiff properly voided for noncompliance with its bylaw provision granting it a right of first refusal. Furthermore, plaintiff showed that its rights had been prejudiced since the transient occupancy of defendant’s apartment potentially posed a threat to other residents of the building.
After hearing oral argument and based on the overwhelming evidence in the papers before the court, a further hearing on the motion was unnecessary (see Farkas v Farkas, 209 AD2d 316, 317-318 [1st Dept 1994]; Jaffe v Jaffe, 44 AD3d 825 [2d Dept 2007]).
We have considered defendant’s remaining arguments and find them unavailing.
Concur — Gonzalez, P.J., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.