■ JENNIFER IOPPOLO, Respondent, v FRANK IOPPOLO, Appellant. [18 NYS3d 639]—

Appeal from an order of the Supreme Court, Suffolk County (William J. Kent, J.), dated October 23, 2013. The order, in ef-

fect, granted that branch of the plaintiff's motion which was to direct Allstate Life Insurance Company of New York to pay the plaintiff an installment payment in the sum of $75,000 that was due to be paid to the defendant pursuant to an annuity contract.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant were married in 1995. In October 2008, the plaintiff commenced this action for a divorce and ancillary relief. The parties were divorced pursuant to a judgment entered March 13, 2013.

The parties executed an agreement, dated December 11, 2012, that was incorporated but not merged in the judgment of divorce. Pursuant to the terms of the agreement, the plaintiff waived any interest in the proceeds of an annuity contract with the Allstate Life Insurance Company of New York (hereinafter Allstate) that the defendant received when he settled a personal injury action in 1998. In addition, the parties agreed that the Supreme Court would determine the plaintiff's request for counsel fees.

In an order dated March 22, 2013, the Supreme Court awarded the plaintiff counsel fees in the sum of $75,000. The court provided a schedule for the payment of that amount in three separate installments of $25,000 each. In the event that the defendant failed to make the payments as scheduled, the plaintiff was permitted to file a money judgment against him without leave of court. The defendant failed to make the scheduled payments. As a result, three money judgments were entered, each in favor of the plaintiff and against the defendant in the principal sum of $25,000.

The plaintiff then moved, inter alia, for an order directing Allstate to pay her directly the sum of $75,000, which was the next installment payment due to be paid to the defendant under the annuity contract, to satisfy the counsel fees awarded to her in the order dated March 22, 2013. The Supreme Court granted that branch of the motion, and the defendant appeals.

The Supreme Court providently exercised its discretion in directing Allstate to pay the annuity payment due to the defendant directly to the plaintiff (see Insurance Law § 3212 [d] [2]). Insurance Law § 3212 (d) (2) provides, in pertinent part, that "the court may order the annuitant to pay to a judgment creditor or apply on the judgment in installments, a portion of such benefits that appears just and proper to the court, with due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the annuitant to other creditors under prior court orders" (id.).

Under the circumstances of this case, the defendant's argument that the Supreme Court had to conduct an evidentiary hearing to determine what portion of the benefits appeared just and proper to be paid to the plaintiff before directing Allstate to pay the $75,000 annuity payment to the plaintiff is without merit. Given the lengthy history of this case, the court was familiar with the parties and was well aware of their respective financial situations. Moreover, it is clear from the order that the court considered the parties' financial circumstances in reaching its decision to direct Allstate to make a one time payment to the plaintiff. In addition, in opposition to the motion, the defendant failed to set forth any basis for a hearing. As a result, no such hearing was required.

Further, the defendant's argument that, under the terms of the agreement, the plaintiff expressly waived her right to enforce the judgments entered against the defendant using funds due to the defendant under the Allstate annuity contract is without merit. "A stipulation of settlement in a matrimonial action is a contract 'subject to principles of contract interpretation'" (*Solomon v Solomon*, 74 AD3d 784, 784 [2010], quoting *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Matter of Grill v Genitrini*, 113 AD3d 767, 767 [2014]). Consequently, "when the terms of a written contract are clear and unambiguous, the intent of the parties must be found therein" (*Nichols v Nichols*, 306 NY 490, 496 [1954]; *see Solomon v Solomon*, 74 AD3d at 784).

Here, it is clear that, pursuant to the terms of the agreement, the plaintiff only "waive[d] any interest in the structured settlement monies" as equitable distribution. Contrary to the defendant's contention, she did not waive her right to seek to enforce the money judgments entered in her favor against the defendant from those funds. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.