*532 OPINION OF THE COURT
Debra Silber, J.
Petitioner previously brought a special proceeding pursuant to the Structured Settlement Protection Act (General Obligations Law § 5-1701 et seq.), seeking an order approving an agreement to transfer certain structured settlement payments to it from respondent Arthur D. Specifically, Mr. D. proposed to transfer to petitioner 10 years of monthly guaranteed payments due under the settlement agreement and annuity which arose following a work-related personal injury action which was resolved in Kings County Supreme Court in 2006 (index No. xxxxx).
The petition, brought under a different index number, was denied, with leave to renew on proper papers, by order dated September 30, 2016. In that decision, the court stated that the underlying personal injury action was brought by Arthur D. and his wife M.D. Her claims were derivative, for loss of consortium. The structured settlement agreement in the papers before the court was signed by both Arthur D. and M.D. It states that if he dies before any of the guaranteed payments are made, she is the beneficiary of those payments. After the period of guaranteed payments expires on November 1, 2026, the payments will continue for his life, and then terminate upon his death. Mr. D. represented to the court that the parties are now divorced. There was no evidence of this in the papers. The court pointed out that while Arthur D.’s recovery for injuries that took place on the job would be considered separate property for matters of equitable distribution, the annuity agreement does not specify this, nor does it allocate any portion of the settlement to his ex-wife. It was unknown if the divorce papers referred to this asset, as after granting an adjournment for copies of the divorce papers, nothing was submitted. The court’s computer indicated that it was processed as an uncontested divorce. As nothing was provided to demonstrate that she waived her rights as beneficiary of these payments were Arthur D. to die before they are paid, and her consent had not been obtained, nor was she served with the petition, the petition was denied with leave to renew.
Petitioner has now renewed the application, under a new index number and with a new petition. It was returnable and was submitted to the court on February 16, 2017. In the papers, petitioner has included an uncertified copy of a stipulation of settlement which is stamped by the County Clerk, New York *533 County, on May 18, 2015. The matrimonial action is under index No. xxxxx in New York County. The judgment of divorce was issued before this petition was filed, on January 7, 2015. In the stipulation, Mr. D. consents to the divorce proceeding as an uncontested divorce, agrees to the statutory language about health insurance, and provides that he will “give plaintiff 30% of his pension fund,” without any further specificity. It is signed by both parties and properly acknowledged. There is no mention of any other assets or any waiver of any rights or of any assets.
The annuity issuer, United States Life Insurance Company in the City of New York, and the settlement obligor, American Home Assurance Company, were served pursuant to the service provision of the order to show cause which commenced this special proceeding. They have not submitted any papers in response to the petition.
The court finds that, even if the copy of the settlement agreement were certified as was specifically requested in the court’s prior order, and even if a copy of the judgment of divorce had been provided, the petition cannot be granted.
To be clear, the asset involved herein is an annuity contract. It is not a retirement asset and is not governed by ERISA. It is signed by both Arthur D. and his then wife, M.D. It is not a “beneficiary designation” or other “revokable disposition” such as is contemplated by the amended EPTL 5-1.4, which, since it was amended in 2008, states that a divorce revokes any revokable beneficiary designation to the former spouse. As she signed the contract, the document cannot be interpreted as a revokable beneficiary designation. (See Ioppolo v Ioppolo, 132 AD3d 727 [2d Dept 2015].)
A divorce settlement agreement may provide for the waiver of a spouse’s claims to property, but such a waiver must be explicit, not implicit. The waiver must meet certain common-law requirements in New York. These are threefold: the waiver must be explicit, must be voluntary, and must be made in good faith. The absence of any waiver language at all in the settlement agreement cannot be interpreted as an explicit waiver which is both voluntary and made in good faith. (Storozynski v Storozynski, 10 AD3d 419 [2d Dept 2004].) To be clear, Mr. D. did not try to amend the contract with regard to the annuity nor did he negotiate his ex-wife’s waiver of her interest in it when the separation agreement was prepared. The separation agreement is therefore insufficient to effectuate a waiver of his *534 ex-wife’s right to the payment of the guaranteed payments of the annuity contract upon his death, as it was not specifically mentioned in the divorce settlement agreement and a waiver may not be inferred from the limited language therein.
In conclusion, Arthur D. may not assign his guaranteed payments without the consent of M.D. Any subsequent application to the court should include her consent to the transfer and her waiver of her interest in any payments should he die before the guaranteed payments are paid, properly signed and notarized. In the alternative, the annuity contract could be amended by the settlement obligor with M.D.’s consent prior to Mr. D.’s application to the court.