■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THELMA LOHAUS, Respondent, v. ADAM LOHAUS, Appellant.— In a proceeding by a wife against her husband: (a) to regain the custody of Richard Lohaus, the infant son of the parties; (b) to punish the husband for his contempt in violating a prior order of the court, dated February 17, 1961; (c) to modify said prior order insofar as it relates to the husband's visitation rights in connection with said infant; and (d) for other relief, the husband appeals from an order of the Supreme Court, Westchester County, dated April 11, 1961, made on the oral decision of the court after a hearing, which adjudged him guilty of contempt of court; punished him therefor; modified his visitation rights under said prior

order; and granted the wife incidental relief. [For prior appeal, see 12 A D 2d 944.] Order of April 11, 1961 modified on the law and the facts by amending its fourth decretal paragraph so as to provide: (a) that the defendant husband is found guilty of a *criminal* (rather than a civil) contempt; and (b) that the fine of $100 be paid to the Commissioner of Finance of Westchester County instead of to "the attorney for the benefit of the plaintiff-relator." As so modified, order affirmed, with costs to the wife payable by the husband. The findings of fact contained or implicit in the Special Term's decision which may be inconsistent herewith are reversed and new findings are made as indicated herein. In the event the husband has already paid the fine of $100 to the wife's attorney as directed by the Special Term's order, then the wife or her attorney is hereby directed to deposit said sum with the Commissioner of Finance on behalf of the husband. In the event the husband has not yet paid such fine, his time to pay it to said Commissioner is extended until 10 days after entry of the order hereon. Whenever a court makes a determination that any person is guilty of a contempt, it is both desirable and necessary that the court should state expressly whether the adjudication is one for a civil or for a criminal contempt or for both (cf. *Ross* v. *Ross*, 2 A D 2d 758, and cases cited therein). Here the record supports the finding of the court that the husband willfully violated its order and that his actions constituted criminal contempt (Judiciary Law, § 750, subd. 3; § 751). Hence, the Special Term should have directed that the fine imposed be paid into the public treasury. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.