■ MARIE L. DIGILIO, Respondent, v. ANDREW C. DIGILIO, Appellant.— In an action for a judicial separation, in which a judgment had been entered

February 25, 1964 in favor of the plaintiff wife, directing the defendant husband to pay to the wife $85 per week for her support and for the support of their infant children, and to pay a $500 counsel fee, the husband appeals from an order of the Supreme Court, Queens County, dated May 11, 1964, which *inter alia*: (1) granted the wife's motion to punish him for contempt of court by reason of his failure to pay such permanent alimony and counsel fee; and (2) imposed upon him a fine equal to the amount of the arrears. In addition to opposing the wife's motion, the husband requested the Special Term to modify the judgment so as to reduce the amount of the support payments required to be made by him. Order reversed, without costs, and the wife's motion to punish the husband for contempt and his cross motion to modify the judgment remitted to the Special Term for the purpose of: (1) holding a hearing at which the parties should adduce all the relevant proof as to the husband's income and financial condition and as to his ability to make the payments directed by the judgment; and (2) making a determination *de novo* of such motions upon the basis of all the proof adduced at such hearing. In our opinion, in this case the facts with respect to defendant's financial ability to comply with the decretal provisions of the judgment directing him to make said payments for support and counsel fee; the facts as to whether his failure to comply with those decretal provisions was willful and contumacious; and the facts as to whether such provisions should be modified, may better be determined upon the basis of oral proof rather than upon the basis of the conflicting affidavits presented to the Special Term (*Abbey* v. *Abbey*, 7 A D 2d 910). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.