■ DORIS W. SCHULMAN, Respondent, v PAUL SCHULMAN, Appellant. (Action No. 1.) PAUL SCHULMAN, Appellant, v DORIS W. SCHULMAN, Respondent. (Action No. 2.)—In consolidated matrimonial actions, the husband, defendant in Action No. 1 and plaintiff in Action No. 2, appeals from an order of the Supreme Court, Kings County, dated October 8, 1975, which (1) granted the wife's motion to adjudge him in contempt for his failure to comply with a prior order of the same court, dated June 27, 1975, which, *inter alia,* awarded the wife temporary alimony, (2) fined him the full amount of the current arrears and (3) stayed the trial of the consolidated matrimonial actions with a direction that the trial date be fixed after the payment of the "full arrears of both accrued and accruing temporary

alimony". Order reversed, without costs or disbursements, and motion remitted to Special Term for a hearing and determination *de novo.* In our opinion, the assertion of the husband's counsel, on oral argument of the motion, that the wife had, during the period over which the arrears accumulated, charged to her husband's accounts goods and services in excess of the amounts awarded as temporary alimony, raised a question of fact as to whether his alleged nonpayment "was calculated to, or actually did, defeat, impair, impede, or prejudice [her] rights", as is required by section 770 of the Judiciary Law in order to sustain a finding of contempt (cf. Domestic Relations Law, § 245; *Digilio v Digilio,* 22 AD2d 701). A proper determination of this issue requires a hearing. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Titone, JJ., concur.