■ CAROLYN LAMB, Respondent, v CURTISS H. LAMB, Appellant.—Order unanimously reversed, without costs, and matter remitted to Supreme Court, Onondaga County, for a hearing in accordance with the following memorandum: Defendant appeals from an order entered pursuant to section 245 of the Domestic Relations Law, adjudging him in contempt of court for violation of certain provisions of the judgment of divorce, and allowing him to purge himself by posting a $5,000 bond and paying the amount of support and maintenance payments in arrears. Defendant correctly contends that he was entitled to a full evidentiary hearing prior to his contempt adjudication. While defendant improperly reduced the amount of support and maintenance payments (see *Brody v Brody,* 22 AD2d 646; *Peters v Peters,* 14 AD2d 778), such a reduction, without more, did not automatically warrant a finding that defendant was guilty of contempt (see *Shkolnik v Shkolnik,* 41 AD2d 523). Additionally, defendant's averment that plaintiff made certain expenditures without his permission, as required by the judgment of divorce,

raises the question whether his failure to pay such expenses impaired or prejudiced her rights (see *Schulman v Schulman,* 52 AD2d 635). Moreover, although defendant's affidavit asserts his inability to pay in conclusory fashion, it is clear that financial ability is essential to a determination of contempt *(Pirrotta v Pirrotta,* 42 AD2d 715; *Digilio v Digilio,* 22 AD2d 701). The deficiencies of defendant's affidavit in this regard should not preclude a hearing *(Comerford v Comerford,* 49 AD2d 818). (Appeal from order of Onondaga Supreme Court—contempt.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.