■ Austin Willis et al., Appellants, v George S. Kepner, Jr., et al., Respondents. — Per Curiam. Appeals (1) from three orders of Supreme Court at Special Term (Kahn, J.), entered March 3, 1983 in Albany County, which granted motions by defendants George S. Kepner, Jr., and Howard A. Zeller to dismiss summonses with notice, and (2) from an order of said court, entered March 8, 1984 in Albany County, which granted defendant Delaware County's motion to dismiss the complaint for failure to state a cause of action and fined plaintiff Betty O. Muka $500.

Initially, we find that plaintiffs' appeals from the three orders entered March 3, 1983 must be dismissed. Plaintiffs did not file their record and brief until September 5, 1984, 1½ years after entry of the orders. Accordingly, plaintiffs' appeals therefrom must be deemed abandoned (22 NYCRR 800.12). We note that plaintiffs never applied for permission to perfect the appeals deemed abandoned. This being the case, the remaining appeal concerns only the order entered March 8, 1984, which granted defendant Delaware County's motion to dismiss the complaint for failure to state a cause of action and fined plaintiff Betty O. Muka $500.

Turning first to that portion of the order which granted defendant Delaware County's motion to dismiss, we conclude that Special Term was correct. In order to state a cause of action, the pleading must contain a statement sufficiently particular to give the court and the parties notice of what is intended to be

proved and the material elements of each cause of action (CPLR 3013; *see,* Siegel, NY Prac § 208, at 245-247 [1978]). It is essential that the statements in the pleadings enable the court and defendants to determine what activities plaintiffs are complaining of (*cf. Shapolsky v Shapolsky,* 22 AD2d 91). Here, no facts have been alleged, making it impossible to determine what defendant Delaware County did or failed to do which could render it liable for $20,000,000,000 in damages. Instead, plaintiffs merely compiled a long list of legal theories, ranging from nuisance and malpractice to escape, unlawful assembly and attempted murder, which are nonsensical and give no notice of the actions complained of. In conclusion, although the complaint puts defendants on notice that plaintiffs have some type of grievance against them, it fails to give notice of what is intended to be proved or how the material elements of each cause of action apply to them. Special Term thus properly granted defendant Delaware County's motion to dismiss the complaint for failure to state a cause of action.

We now turn to the second part of Special Term's order, which imposed a fine of $500 against plaintiff Muka. The record is barren on this issue. Apart from the order imposing the fine, the record fails to indicate whether the fine was for civil or criminal contempt (*see, Matter of Drimmer,* 97 AD2d 792) or what actions prompted the fine (Judiciary Law art 19). Accordingly, we must reverse the order entered March 8, 1984 insofar as it imposes the $500 fine.

Appeals from orders entered March 3, 1983 dismissed as abandoned, without costs.

Order entered March 8, 1984 modified, on the law, without costs, by reversing so much thereof as imposed a fine of $500 upon plaintiff Betty O. Muka, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.