■ JEANETTE HOUGH, Respondent, v REGINALD F. HOUGH, JR., Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered February 10, 1986 in Columbia County, which, *inter alia,* granted plaintiff's motion to hold defendant in contempt and to award plaintiff arrearages for temporary child support and maintenance.

In October 1984, plaintiff commenced an action for divorce on grounds of cruel and inhuman treatment. On February 8, 1985, Special Term made a certain pendente lite order which (1) awarded plaintiff exclusive possession of the marital home pending trial, (2) awarded plaintiff temporary custody of the parties' two children, (3) ordered defendant to pay child support in the sum of $150 per week as well as one half of the monthly installment on the parties' mortgage and escrow account, and (4) ordered defendant to pay $1,000 toward plaintiff's temporary counsel fees to be paid at the rate of $100 per month. Thereafter, defendant moved to reargue. By order dated August 4, 1985, reargument was denied and the prior order was resettled without material modification.

On November 15, 1985, plaintiff moved to hold defendant in contempt for nonpayment of support payments and counsel fees. In connection therewith, plaintiff sought a money judgment for past due arrearages and the entry of a wage order. Defendant cross-moved for an order modifying his support and maintenance obligations. By judgment dated February 5, 1986, Special Term adjudged defendant in contempt for violating the February 8, 1985 order. Special Term, however, allowed defendant to purge himself of contempt by payment of the entire arrearage, consisting of $5,341.03 in past support and $1,000 in counsel fees, in a lump sum within 30 days of the entry of the contempt order. The court also denied defendant's cross motion. This appeal by defendant ensued. We reverse.

We concur with defendant's contention that since he asserted as a defense that he was financially unable to comply

with the order for support, he was entitled to a hearing pursuant to Domestic Relations Law § 246 (3). Mere nonpayment of court-ordered support alone has not been deemed sufficient to establish the requisite willfulness to support a charge of contempt (Lamb v Lamb, 55 AD2d 830; Matter of Stacy v Speanbury, 53 AD2d 984; Matter of Bruno v Bruno, 50 AD2d 701; Matter of Halleck v Hayden, 47 AD2d 855). Financial ability to comply with a court order has been recognized as probative of willfulness (see, Matter of Abbondola v Abbondola, 40 AD2d 976; Matter of Whitener v Whitener, 37 AD2d 979). This repeated emphasis of the importance of ascertaining financial ability to pay ordered support has previously persuaded this court that the language of Domestic Relations Law § 246 (3) requires an evidentiary hearing. As we stated in Hickland v Hickland (56 AD2d 978, 979-980): "Subdivision 3 of section 246 of the Domestic Relations Law provides that any person may assert his financial inability to comply as a defense * * *. Such a defense should not be evaluated on conflicting affidavits as to husband's ability to pay * * *. Due process requires that an evidentiary hearing be held to resolve conflicting claims before one can be adjudged in contempt" (citations omitted). Similarly, in Cappione v Cappione (63 AD2d 757) we reversed an order of contempt decided on the parties' affidavits alone. In Cappione, as in Hickland, we clearly stated that where, as here, a party asserts his financial inability to comply with the support provisions of a divorce decree as a defense, he is entitled to an evidentiary hearing to resolve conflicting claims before he can be adjudged in contempt. Since no hearing was conducted herein, there must be a remittal for that purpose. We reach no other issue.

Judgment reversed, on the law, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.