■ GAIL WACHOB, Respondent, v DENNIS WACHOB, Appellant.—Casey, J.

After issue was joined in this action for divorce, plaintiff moved for a pendente lite order directing defendant to pay temporary child support, maintenance and other expenses. The motion was granted in October 1987, and approximately two years later Supreme Court orally modified the pendente lite order by reducing the amount of child support and maintenance. By order to show cause dated July 31, 1990, plaintiff moved pursuant to Domestic Relations Law § 245 for an order holding defendant in contempt for his failure to comply with the pendente lite order. In response, defendant wrote a letter to Supreme Court stating that he was having financial difficulties which would be exacerbated by any judgment against him and complaining that plaintiff's attorney refused to respond to his attempts to negotiate a settlement. Supreme Court thereafter granted plaintiff's motion, directed that judgment be entered against defendant in the amount of $5,938 and committed defendant to jail for 60 days, with a provision permitting defendant to purge the contempt by payment of the entire $5,938 within 30 days.

By order to show cause which contained a stay of the contempt order, defendant moved pursuant to Domestic Relations Law § 246 for an order relieving him of the contempt and reducing the pendente lite payments required of him. Defendant alleged that his income as a car salesman was insufficient to enable him to make the payments, that his other business ventures had failed, that his previous attorney had ceased representing him due to his inability to pay counsel fees and that he had made good-faith, diligent efforts to comply with the pendente lite order to the best of his

financial ability. Supreme Court denied the motion and this appeal ensued.

Numerous errors require that the amended order be modified. Supreme Court failed to render a written decision in either the contempt proceeding or the proceeding pursuant to Domestic Relations Law § 246 (see, *Dworetsky v Dworetsky*, 152 AD2d 895, 896). No evidentiary hearing was held in either proceeding despite the existence of factual issues (see, *Boritzer v Boritzer*, 137 AD2d 477, 477-478). The order to show cause which commenced the contempt proceeding did not contain the warning notice required by Judiciary Law § 756. Although the latter defect is waivable (see, *Matter of Rappaport*, 58 NY2d 725, 726), Supreme Court knew or should have known from defendant's letter, submitted after the contempt proceeding was commenced, that he was not represented by counsel and did not fully comprehend the nature of the proceeding. Before issuing the contempt order, Supreme Court made no findings that payment could not be enforced by other means and that defendant's failure to comply with the pendente lite order was willful (see, *Barreca v Barreca*, 77 AD2d 793). In light of these defects, we are of the view that the appropriate remedy is to grant that portion of defendant's motion seeking to be relieved of the contempt order in its entirety. As to that portion of defendant's motion seeking modification of the pendente lite order, we are of the view that a prompt trial of the underlying action, now more than four years old, is appropriate (see, *Suydam v Suydam*, 167 AD2d 752, 753).

Mercure, Mahoney and Harvey, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by deleting the first two decretal paragraphs and by substituting therefor a provision relieving defendant of the order and judgment entered September 22, 1990, and, as so modified, affirmed.