■ CALVERT BOWIE, Appellant, v JOSEPHINE BOWIE, Respondent.—Mahoney, J. Appeal from an order of the Supreme Court (Brown, J.), entered August 16, 1991 in Saratoga County, which granted defendant's motion to hold plaintiff in contempt for failure to pay child support and maintenance.

At issue in this matrimonial action is the propriety of Supreme Court's action in holding plaintiff in contempt of court for failing to comply with certain pendente lite orders directing him to make monthly maintenance and support payments to defendant and the parties' three children. The

record reveals that following the parties' marriage in 1971 and the subsequent birth of the children, plaintiff ultimately left the marital residence in 1987. Shortly thereafter, he commenced the instant action for divorce. During pendency of the action, defendant sought and obtained a monthly pendente lite support and maintenance award of $1,500. Upon plaintiff's failure to make the ordered payments, defendant moved on four separate occasions between 1988 and 1991 to hold plaintiff in contempt of court. The first three times the motions were settled upon plaintiff's promise to pay. Following his repeated failure to honor these promises, defendant initiated this application. In response, plaintiff raised the defense of financial inability to pay the amount required by the pendente lite order and requested a hearing. Supreme Court, concluding that plaintiff's conduct reflected a conscious disregard for the imperatives of the court's orders and a lack of genuine effort to comply, summarily determined him to be in contempt of court and ordered him incarcerated in the County Jail for 30 days. Execution of the order has been stayed pending this appeal.

Plaintiff first alleges that his due process rights were infringed by Supreme Court's failure to conduct a hearing on the contempt motion. We disagree. It is well established that due process does not mandate a hearing in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone *(see, Bell v Bell,* 181 AD2d 978; *Hough v Hough,* 125 AD2d 791; *Hickland v Hickland,* 56 AD2d 978; *cf., Matter of Spinnenweber v New York State Dept. of Envtl. Conservation,* 160 AD2d 1138; *Quantum Heating Servs. v Austern,* 100 AD2d 843).* While in matrimonial matters the insertion of the financial inability to pay defense in response to a contempt application often requires the conducting of a hearing *(see, e.g., Wachob v Wachob,* 179 AD2d 912; *Boritzer v Boritzer,* 137 AD2d 477; *Hough v Hough, supra; Hickland v Hickland, supra),* these cases are not to be read as requiring a hearing in *every* instance where the financial inability defense is raised; demonstrated factual issues must still exist *(cf., Passonno v Passonno,* 73 AD2d 718).

In our view, the papers submitted on this application raise no issue of fact necessitating a hearing. In her motion papers, defendant submitted a detailed accounting clearly reflecting a monthly shortfall of $452 in the ordered payments over the past year. Also submitted was a copy of a recent court-ordered deposition of plaintiff wherein an in-depth examination of his

financial expenditures was conducted. In addition to expressly admitting that he did not make monthly payments in the full amount, plaintiff admitted making large charitable contributions to his church and relatively significant expenditures for vacations and luxury items, thus negating the viability of any claim of financial inability. In his responding papers, plaintiff submitted a brief two-page affidavit wherein he summarily denied the arrearages and asserted financial inability to pay. Conspicuously absent was any current documentation supporting his claims. The only evidence he submitted were 2- to 5-year-old tax returns and other financial information ostensibly prepared in response to an earlier motion, which concededly is of no probative value in assessing plaintiff's *current* ability to pay. Finally, it is not without significance that plaintiff's noncompliance is of longstanding duration, having been the subject of three prior contempt motions. While plaintiff raised the issue of financial inability to pay in response to the *first* contempt motion and indicated at that time that he intended to seek modification of the pendente lite award, three years have since elapsed and there is no indication in the record that any effort has been made in that regard.

Likewise, we are unpersuaded by plaintiff's contention that the contempt order was fatally defective because it failed to delineate whether the contempt was civil or criminal in nature. While we have held that, when combined with a record which is completely devoid of any indication of the contemptuous acts that gave rise to the judicially imposed penalty, the failure to specify whether the contemnor was guilty of civil or criminal contempt mandated reversal *(Willis v Kepner,* 109 AD2d 950, 951; *Matter of Cramer Bowling v Cramer,* 38 AD2d 774), in situations such as this where the contemptuous acts are well documented, the failure to label the adjudication as a civil or criminal contempt does not warrant the same result *(see, People ex rel. Lohaus v Lohaus,* 19 AD2d 549). Because the record supports Supreme Court's conclusion of willful violation of its pendente lite order, we exercise our authority to modify the contempt order to delineate specifically that plaintiff is guilty of criminal contempt. We have reviewed plaintiff's remaining contention and find it to be without merit.

Weiss, P. J., Yesawich Jr., Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by adding a provision that plaintiff is guilty of criminal contempt, and, as so modified, affirmed.