■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of GLORIA B., Respondent, v BERTRAM U., Appellant. [616 NYS2d 190] —In a paternity proceeding pursuant to Family Court Act article 5, Bertram U. appeals from an order of the Family Court, Nassau County (Feiden, J.), entered March 6, 1992, which dismissed his petition to vacate a prior order of filiation.

Ordered that the order is affirmed, without costs or disbursements.

The appellant failed to establish the existence of any newly-discovered evidence (see, CPLR 5015 [a] [2]) or that the respondent had engaged in "fraud, misrepresentation, or other misconduct" (CPLR 5015 [a] [3]). Accordingly, his application to vacate the prior order of filiation was properly denied. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.

■ In the Matter of SILVANO NICCOLICH, Petitioner, v JOAN O'DWYER et al., Respondents. [616 NYS2d 191] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit further prosecution of the petitioner under Queens County Indictment No. 4604/92, on the ground that further prosecution would violate the Double Jeopardy Clause of the United States and New York State Constitutions.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto, it is

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged —acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569; see, Matter of Rush v Mordue, 68 NY2d 348, 352). Nor is it available if there exists "an adequate remedy, by way of appeal or otherwise" (Matter of Molea v Marasco, 64 NY2d 718, 720; see, Matter of Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993). Under the circumstances of this case, the petitioner has an adequate remedy by way of direct appeal from the judgment of conviction. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.