■ CATHERINE MEGNA, Appellant, v BECTON DICKINSON & COMPANY, Respondent. [626 NYS2d 546] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Hart, J.), dated December 20, 1993, which granted the defendant's motion to dismiss the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly determined that the plaintiff's complaint failed to adequately allege a cause of action, inasmuch as it was devoid of specific factual allegations and did not indicate the material elements of a claim and how they would apply to the case (see, CPLR 3013; see, e.g., Willis v Kepner, 109 AD2d 950). Moreover, to the extent that the plaintiff suggests the action is premised upon breach of warranty or lack of informed consent, neither theory of recovery would be available to the plaintiff against this defendant under the circumstances presented. Similarly, we agree with the Supreme Court's observation that even if the complaint had adequately pleaded a negligence or strict products liability cause of action, such claims would be barred by the applicable Statute of Limitations (see, CPLR 214 [5]; see generally, Martin v Edwards Labs., 60 NY2d 417).

Finally, we note that in reaching our determination, we have not considered those documents submitted by the plaintiff which are dehors the record. Sullivan, J. P., Thompson, Copertino and Florio, JJ., concur.

■ RONALD MERINGOLO Respondent, v NATHAN RAMO et al., Appellants. [627 NYS2d 949] —Appeal by the defendant from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 19, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Sangiorgio at the Supreme Court. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.