■ LAWRENCE OVSANIKOW, Appellant, v MARGARET OVSANIKOW, Respondent. [637 NYS2d 805] —Yesawich Jr., J. Appeal

from an order of the Supreme Court (Canfield, J.), entered November 11, 1994 in Rensselaer County, which, *inter alia*, granted defendant's motion to hold plaintiff in contempt for failure to pay a lump-sum payment under the parties' separation agreement.

The parties were married in 1975 and have no unemancipated children. In October 1993, they entered into a separation agreement, the property settlement terms of which provided that plaintiff was to pay defendant the sum of $100,000. Plaintiff then brought this action, which culminated, in December 1993, in a judgment of divorce wherein the separation agreement was incorporated but not merged. Subsequently, in September 1994, defendant moved to have plaintiff held in contempt for having paid only $10,000 of the amount owed, and plaintiff cross-moved for an order staying enforcement of the separation agreement. Supreme Court, *inter alia*, granted defendant's motion, and this appeal ensued.

With respect to Supreme Court's failure to hold an evidentiary hearing, it suffices to note that "due process does not mandate a hearing in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Bowie v Bowie*, 182 AD2d 1049, 1050; *cf., Hough v Hough*, 125 AD2d 791). While it is true that, in cases such as this, insertion of the defense of financial inability to pay in response to a contempt application generally necessitates the holding of a hearing, this is so only when demonstrated factual issues have been shown to exist (*see, Bowie v Bowie, supra*, at 1050). Here, although plaintiff avers that he presently lacks the means to pay defendant, this assertion is undocumented and without any evidentiary basis in the record. Moreover, it, like plaintiff's claims of duress and unfair dealing, is clearly questionable, in view of the fact that it was plaintiff, with the assistance of counsel, who drafted the separation agreement, while defendant was unrepresented at the time. Being unpersuaded by plaintiff's self-serving assertions that his own attorney forced him to sign an unfavorable agreement, we conclude, as did Supreme Court, that defendant sufficiently established that plaintiff's nonpayment was willful.

We have considered defendant's other arguments and find them unavailing.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.