■ Estella N. Evans, Respondent, v James H. Evans, Jr., Appellant. (Appeal No. 2.) [664 NYS2d 504] —Order unanimously modified in the exercise of discretion and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Defendant appeals from an order of Supreme Court that held him in contempt and ordered him incarcerated for four days, based on his violation of a prior custody order. He contends that the order to show cause was defective because it did not specify whether the alleged offense constituted civil or criminal contempt. The defect in the order to show cause is not fatal because the ultimate determination whether the alleged offense constitutes civil or criminal contempt is for the court (*see, People ex rel. Platt v Rice*, 80 Hun 437, *affd on other grounds* 144 NY 249). Nor is there merit to the contention that reversal is required because the court failed to denominate its contempt order as civil or criminal contempt (*see, Bowie v Bowie*, 182 AD2d 1049, 1051; *People ex rel. Lohaus v Lohaus*, 19 AD2d 549). The record further establishes that defendant knowingly violated several unambiguous provisions of the custody order (*cf., Matter of Hoglund v Hoglund*, 234 AD2d 794; *Kuenen v Kuenen*, 122 AD2d 616).

The record supports the determination that defendant's actions were calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of plaintiff (*see*, Judiciary Law § 753 [A] [3]). Thus, the court properly held defendant in civil contempt. The penalty imposed, however, is excessive and, in the exercise of our discretion, we reduce the penalty to time served. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Contempt.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ In the Matter of Tommy R. Jackson, Petitioner, v Attorney-General of State of New York et al., Respondents. [665 NYS2d 597] —Petition unanimously dismissed without costs. Memorandum: Because petitioner has an adequate remedy by direct appeal from the judgment of conviction, relief pursuant to CPLR article 78 is not available (*see*, CPLR 7801 [1]; *Matter of Wilcox v Dwyer*, 48 NY2d 1003, 1004; *Matter of Niccolich v O'Dwyer*, 206 AD2d 431). (Original Proceeding Pursuant to CPLR art 78.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.