[991 NYS2d 302]

JPMorgan Chase Bank, National Association, Plaintiff, v
Reginald Plaskett et al., Defendants.

Supreme Court, Kings County, July 29, 2014

APPEARANCES OF COUNSEL

*Stiene & Associates, P.C.*, Huntington (*Stephen J. Vargas* of counsel), for plaintiff.

## OPINION OF THE COURT

FRANCOIS A. RIVERA, J.

Motion of plaintiff JPMorgan Chase Bank, National Association, filed on April 14, 2014 under motion sequence number one, for an order (1) appointing a referee to compute pursuant to Real Property Actions and Proceedings Law § 1321, and (2) modifying the caption by substituting Iris Gonzalez instead of Jane Doe No. 1 and excising all other John and Jane Does from the caption.

Background

On December 28, 2012, Chase commenced the instant residential mortgage foreclosure action by filing a summons, complaint and a notice of pendency with the Kings County Clerk's office.

The complaint alleges, in pertinent part, that defendant Reginald Plaskett executed and delivered to Intercoastal Capital Group, Inc. (hereinafter ICG) a note in its favor in the principal sum of $267,383 dated August 25, 2010 (hereinafter the note). On that same date, Plaskett executed and delivered to Mortgage Electronic Registration System, as nominee for ICG, a mortgage (the subject mortgage) on certain real property known as 919 Rockaway Avenue, Brooklyn, New York, 11212, block 3626, lot 18 (hereinafter the subject property) to secure the debt. Plaskett, thereafter, defaulted on making payments due and owing on the subject note.

No defendant has appeared, answered the complaint or submitted opposition to the motion.

Law and Application

CPLR 1018 provides that upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action.

> "CPLR 1018 addresses the situation in which a party transfers her interest in the subject matter of the action to another person while the action is pending, as, for example, by assignment of the claim (see N.Y. Gen. Oblig. Law § 13-101) or conveyance of the relevant property. CPLR 1018 authorizes

continuation of the action by or against the original party—the assignor/transferor—without the need for substitution of the assignee/transferee" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1018 at 283-284).

Chase has annexed a copy of the subject note executed by defendant Plaskett and held by the Mortgage Electronic Registration System as nominee for ICG. Chase has also annexed a copy of the assignment of the subject mortgage from ICG to Chase dated May 17, 2012.

The court sees no prejudice to any party by granting Chase's unopposed request to strike John and Jane Doe defendants Nos. 2 through 7 from the caption and to replace defendant Jane Doe No. 1 with Iris Gonzalez, an alleged tenant of the subject premises. The request is granted.

Chase also seeks an order appointing a referee to compute the amount due from defendant Plaskett. RPAPL 1321 (1) provides in pertinent part as follows:

"If the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff, the court shall ascertain and determine the amount due, or direct a referee to compute the amount due to the plaintiff and to such of the defendants as are prior incumbrancers of the mortgaged premises, and to examine and report whether the mortgaged premises can be sold in parcels and, if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become due."

When seeking an order of reference to determine the amount that is due on an encumbered property, a plaintiff must show its entitlement to a judgment. That entitlement may be shown by demonstrating defendant's default in answering the complaint, or by the plaintiff showing entitlement to summary judgment or by showing that the defendant's answer admits plaintiff's right to a judgment (see RPAPL 1321; 1-2 Bergman on New York Mortgage Foreclosures § 2.01 [4] [k]).

RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" (RPAPL 1304 [1]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909,

910 [2d Dept 2013]). RPAPL 1304 sets forth the requirements for the content of such notice (*see* RPAPL 1304 [1]), and further provides that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (RPAPL 1304 [2]; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2d Dept 2013]).

RPAPL 1304 currently applies to any home loan, as defined in RPAPL 1304 (5) (a). When the statute was first enacted, it applied only to high cost, subprime, and non-traditional home loans (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 104 [2d Dept 2011], citing L 2008, ch 472, § 2). In 2009, the legislature amended the statute, "effective January 14, 2010, to take its current form, by deleting all references to high-cost, subprime, and non-traditional home loans" (*Aurora Loan Servs., LLC*, 85 AD3d at 105, citing L 2009, ch 507, § 1-a).

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (*Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2d Dept 2013], citing *Aurora Loan Servs., LLC*, 85 AD3d at 106).

The only documents within the instant motion which address service of the RPAPL 1304 notice are the affirmation of Chase's counsel, Stephen J. Vargas, and the affidavit of its vice-president, Ryan K. Bucholtz. Vargas's sole reference to RPAPL 1304 is in paragraph 9 of his affirmation in support of the motion. Therein he states that a 90-day notice* was required pursuant to RPAPL 1304, and that Chase has complied with the requirement.

Bucholtz's sole reference to RPAPL 1304 is in paragraph 8 of his affidavit in which he states the following:

> "My review of the records maintained by Chase reveals the following regarding the sending of the ninety (90) day pre-foreclosure notice ('PFN'):
>
> "A PFN dated July 2, 2012 attached as exhibit A was sent to Reginald Plaskett at the address of the property secured by the Mortgage, and to the last known address, which is as 919 Rockaway Avenue, Brooklyn, New York, 11212 by certified and first class mail."

---

* The court deems all references to "90-day notice" contained in Chase's motion papers to refer to the pre-commencement notice required under RPAPL 1304 and has adopted the reference.

Chase's counsel and vice-president have both admitted that the notice requirements of RPAPL 1304 apply to the instant action and have sworn that it has been complied with. Vargas's affirmation, however, is conclusory in that it does not allege any facts as to how compliance was accomplished.

Bucholtz's affidavit, on the other hand, does allege certain facts but lacks sufficient detail or documentary support to demonstrate compliance. For example, he does not state that he served the 90-day notice or identify the individual who did so. Nor does he refer to a standard office practice by Chase designed to ensure that items are properly addressed and mailed (*see Nocella v Fort Dearborn Life Ins. Co. of N.Y.*, 99 AD3d 877 [2d Dept 2012]). The presumption of receipt by the addressee "may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2d Dept 2001]). Chase has, therefore, failed to submit an affidavit of service evincing that it properly served the mortgagor pursuant to RPAPL 1304 (*Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 910 [2d Dept 2013]). Consequently, Chase has not demonstrated strict compliance with RPAPL 1304.

> "A new RPAPL section 1306 was enacted by the Laws of 2009, c. 507, § 5 (effective February 13, 2010), requiring each lender, assignee or mortgage loan servicer to file with the Superintendent of Banks within three business days of the mailing of the 90-day pre-litigation notice to be given to a borrower of (i) a home loan (RPAPL 1304[1]), or (ii) a loan covering a residential cooperative interest (CPLR 9-611[f]), the name, address and telephone number of the borrower, the amount claimed to be due, and the type of loan at issue. Such filing to be made electronically on a form to be prescribed by the Superintendent, and any complaint served in a proceeding pursuant to this article shall contain an affirmative allegation of compliance with this section." (Rudolph de Winter, Practice Commentaries, McKinney's Cons Laws of NY, Book 49½, RPAPL 1306 Pocket Part at 84; *see* RPAPL 1306.)

RPAPL 1306 (1) provides in pertinent part that any complaint served in a proceeding initiated pursuant to this article shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section.

Inasmuch as the instant action was commenced on December 28, 2012, and the 90-day notice requirement of RPAPL 1304 is admitted to apply to the instant action, the additional notice and pleading requirements of RPAPL 1306 also apply.

Chase's only reference in the complaint pertaining to RPAPL 1306 is made in paragraph 21 in which it states, "Plaintiff has complied with RPAPL § 1306."

The legislature is presumed to know the law in existence at the time it enacts legislation (see Brady v Village of Malverne, 76 AD3d 691 [2d Dept 2010]) including the pleading requirements of CPLR 3013. CPLR 3013 provides that statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense. The salient requirement is that the complaint plead specific facts which give notice of what the pleader is claiming and not merely utter conclusions (see e.g. Megna v Becton Dickinson & Co., 215 AD2d 542 [2d Dept 1995]). Chase's complaint merely states a conclusion and no specific facts which show compliance with RPAPL 1306.

Chase has failed to comply with the pleading requirement of RPAPL 1306. Chase has also failed to demonstrate strict compliance with the notice requirement of RPAPL 1304 and 1306. Accordingly, that branch of Chase's motion seeking the appointment of a referee to compute pursuant to RPAPL 1321 is denied without prejudice.

In the interest of judicial economy, the court did not continue to review Chase's motion papers for problems after discovering the above mentioned issues. In the event that Chase seeks the same relief in a subsequent motion, it is directed to annex the instant decision and order with its motion papers.

Conclusion

That branch of Chase's motion which seeks an order appointing a referee to compute pursuant to RPAPL 1321 is denied without prejudice.

That branch of Chase's motion which seeks to amend the caption by striking the John and Jane Doe defendants Nos. 2 through 7 and replacing defendant Jane Doe No. 1 with Iris Gonzalez is granted.