OPINION OF THE COURT
Francois A. Rivera, J.
Background
On March 6, 2013, plaintiff commenced the instant residential mortgage foreclosure action by filing a summons, complaint and a notice of pendency with the Kings County Clerk’s office.
The complaint alleges in pertinent part, that on February 9, 2006, defendant Clifton Lampley executed and delivered an adjustable note (the subject note) in favor of First Horizon Home Loan Corporation (hereinafter FHHL) in the amount of $424,000. On the same date, Lampley secured the note by executing and delivering a mortgage in favor of FHHL on certain real property known as 557 Snediker Avenue, Brooklyn, New York 11207, block 3834, lot 1 (hereinafter the subject property). By assignment dated November 5, 2007, FHHL assigned the note and mortgage to plaintiff US Bank National Association, as Trustee for Structured Assets Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-3 (hereinafter USBNA). Lampley defaulted on making monthly payments due and owing on said note on June 1, 2007 and thereafter.
Defendant Lampley interposed an answer, dated April 10, 2013, which asserted among other things that the plaintiff lacked standing. No other defendant has appeared or answered the complaint.
No defendant has submitted opposition to the instant motion.
Law and Application
USBNA seeks an order granting judgment as against Lampley pursuant to CPLR 3212 and striking his answer pursuant to CPLR 3211 (b). In residential mortgage foreclosure actions, a plaintiff seeking summary judgment establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default (Mid-first Bank v Agho, 121 AD3d 343 [2d Dept 2014]).
RPAPL 1321 (1) provides in pertinent part as follows:
*632 “If the defendant fails to answer within the time allowed or the right of the plaintiff is admitted by the answer, upon motion of the plaintiff, the court shall ascertain and determine the amount due, or direct a referee to compute the amount due to the plaintiff and to such of the defendants as are prior encumbrancers of the mortgaged premises, and to examine and report whether the mortgaged premises can be sold in parcels and, if the whole amount secured by the mortgage has not become due, to report the amount thereafter to become due.”
When seeking an order of reference to determine the amount that is due on an encumbered property, a plaintiff must show its entitlement to a judgment. That entitlement may be shown by demonstrating defendant’s default in answering the complaint, or by the plaintiff showing entitlement to summary judgment or by showing that the defendant’s answer admits plaintiffs right to a judgment (see RPAPL 1321; 1-2 Bruce J. Bergman, Bergman on New York Mortgage Foreclosures § 2.01 [4] [k]).
As a preliminary matter the court reviews plaintiffs compliance with the mandatory pre-commencement notices prior to reviewing the requirements for an accelerated judgment or for the appointment of a referee. The affidavit of plaintiffs process server, the affirmation of its counsel, and the copy of the RPAPL 1303 notice annexed to the motion papers demonstrate that the plaintiff complied with the notice requirements of RPAPL 1303.
RPAPL 1304 provides that “at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type” (RPAPL 1304 [1]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2d Dept 2013]). RPAPL 1304 sets forth the requirements for the content of such notice (see RPAPL 1304 [1]), and further provides that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (RPAPL 1304 [2]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2d Dept 2013]).
RPAPL 1304 currently applies to any home loan, as defined in RPAPL 1304 (5) (a). When the statute was first enacted, it applied only to high cost, subprime, and nontraditional home loans (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 104 [2d Dept 2011], citing L 2008, ch 472, § 2). In 2009, the legislature *633 amended the statute, “effective January 14, 2010, to take its current form, by deleting all references to high-cost, subprime, and non-traditional home loans” (Aurora Loan Seros., LLC, 85 AD3d at 105, citing L 2009, ch 507, § 1-a).
“[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition” (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2d Dept 2013], citing Aurora Loan Servs., LLC, 85 AD3d at 106).
The only documents within the instant motion which address service of the RPAPL 1304 notice is the affidavit of Krysta Johnson, the vice-president of Wells Fargo Bank, N.A., and USBNA’s servicer and attorney-in-fact. Johnson’s sole reference to RPAPL 1304 is in paragraph 5 of her affidavit.
Therein she stated the following: “I have reviewed the 90 day pre-foreclosure notice[*] sent to borrower by certified mail and also by first-class mail to the borrower[’s] last known address, which is the mortgaged property. Submitted with plaintiffs motion is a copy of the (90) day pre-foreclosure notice.”
USBNA has admitted that the notice requirements of RPAPL 1304 apply to the instant action and its loan servicer has sworn that it has been complied with. Johnson’s affidavit, however, is conclusory in that it does not allege any facts as to how compliance was accomplished. She does not state that she served the 90-day notice or identify the individual who did so. Nor does she refer to a standard office practice by Wells Fargo to ensure that items are properly addressed and mailed (see Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877 [2d Dept 2012]). The presumption of receipt by the addressee “may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed” (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001]). USBNA has, therefore, failed to submit an affidavit of service evincing that it properly served the mortgagor pursuant to RPAPL 1304 (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910 [2d Dept 2013]). Consequently, USBNA has not demonstrated strict compliance with RPAPL 1304.
*634 “A new RPAPL section 1306 was enacted by the Laws of 2009, c. 507, § 5 (effective February 13, 2010), requiring each lender, assignee or mortgage loan servicer to file with the Superintendent of Banks within three business days of the mailing of the 90-day pre-litigation notice to be given to a borrower of (i) a home loan (RPAPL § 1304 [1]), or (ii) a loan covering a residential cooperative interest ([UCC] 9-611 [f|), the name, address and telephone number of the borrower, the amount claimed to be due, and the type of loan at issue. Such filing to be made electronically on a form to be prescribed by the Superintendent, and any complaint served in a proceeding pursuant to this article shall contain an affirmative allegation of compliance with this section” (Rudolph de Winter, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 49V2, RPAPL 1306, 2014 Pocket Part at 84; see RPAPL 1306).
RPAPL 1306 (1) provides in pertinent part that any complaint served in a proceeding initiated pursuant to this article shall contain, as a condition precedent to such proceeding, an affirmative allegation that at the time the proceeding is commenced, the plaintiff has complied with the provisions of this section.
Inasmuch as the instant action was commenced on March 6, 2013, and the 90-day notice requirements of RPAPL 1304 are admitted to apply to the instant action, the additional notice and pleading requirements of RPAPL 1306 also apply.
USBNA’s only sworn allegation of fact pertaining to RPAPL 1306 is made in paragraph 6 of Johnson’s affidavit in which she states “I confirm that within 3 business days of the mailing of the 90 day pre-foreclosure notice the filing requirements with the superintendent [of] banks was complied with.” Johnson’s statement does not swear to the fact but rather confirms the fact. Furthermore, it does not specify the date of alleged filing. The only reference to RPAPL 1306 in the complaint is in paragraph 11 in which USBNA states in conclusory fashion that, if applicable, it has complied with RPAPL 1306.
The legislature is presumed to know the law in existence at the time it enacts legislation (see Brady v Village of Malverne, 76 AD3d 691 [2d Dept 2010]) including the pleading requirements of CPLR 3013. CPLR 3013 provides that statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of *635 transactions or occurrences, intended to be proved and the material elements of each cause of action or defense. The salient requirement is that the complaint plead specific facts which give notice of what the pleader is claiming and not merely utter conclusions (see e.g. Megna v Becton Dickinson & Co., 215 AD2d 542 [2d Dept 1995]). USBNA’s complaint merely states a conclusion and no specific facts which show compliance with RPAPL 1306.
USBNA has failed to comply with the pleading requirements of RPAPL 1306. USBNA has also failed to demonstrate strict compliance with the notice requirements of RPAPL 1304 and 1306.
In light of the foregoing, plaintiffs motion for an order granting summary judgment against Lampley, striking Lampley’s answer, appointing a referee to compute and finding all non-answering defendants in default is denied. The denial is without prejudice until such time as plaintiff demonstrates compliance with RPAPL 1304 and 1306.
Through the affirmation of its counsel, plaintiff has demonstrated that it has served the commencement papers on Erica Hazel, Paul Downey, and Richard Fogel as John Doe, and that there were no other “John Does” occupying the mortgaged premises.
Accordingly, that branch of its motion seeking to substitute John Doe with Erica Hazel, Paul Downey, and Richard Fogel is granted (Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566 [2d Dept 2014], citing CPLR 1024, and Flagstar Bank v Bellafiore, 94 AD3d 1044, 1046 [2d Dept 2012]).
In the event that USBNA seeks the same relief in a subsequent motion, it is directed to annex the instant decision and order with its motion papers.
Conclusion
That branch of USBNA’s motion which seeks an order granting summary judgment as against defendant Clifton Lampley is denied without prejudice.
That branch of USBNA’s motion which seeks an order striking Lampley’s answer pursuant to CPLR 3211 (b) is denied without prejudice.
That branch of USBNA’s motion which seeks an order appointing a referee to compute pursuant to RPAPL 1321 is denied without prejudice.
*636 That branch of USBNA’s motion which seeks an order amending the caption by substituting John Doe with Erica Hazel, Paul Downey, and Richard Fogel is granted.

 The court deems all references to “90 day notice” contained in USBNA’s motion papers to refer to the pre-commencement notice required under RPAPL 1304 and has adopted the reference.