McCurty v Roberts (2024 NY Slip Op 02450)

McCurty v Roberts

2024 NY Slip Op 02450

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, GREENWOOD, AND KEANE, JJ.

306 CA 23-01339

[*1]LEONNA M. MCCURTY, PLAINTIFF-RESPONDENT,
v
SAMUEL D. ROBERTS, DEFENDANT-APPELLANT. 

CERIO LAW OFFICES PLLC, SYRACUSE (DAVID W. HERKALA OF COUNSEL), FOR DEFENDANT-APPELLANT.
MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an amended order of the Supreme Court, Onondaga County (Martha E. Mulroy, A.J.), entered February 13, 2023. The amended order, inter alia, granted the motion of plaintiff to hold defendant in contempt. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an amended order that, inter alia, held him in contempt of the parties' judgment of divorce for failing to pay a portion of his maintenance obligation and ordered him to pay the arrears owed to plaintiff. We affirm.
We note at the outset that defendant's notice of appeal incorrectly states the date on which the amended order was entered. However, we exercise our discretion to treat the notice of appeal as valid pursuant to CPLR 5520 (c) (see Cook v Estate of Achzet, 214 AD3d 1369, 1371 [4th Dept 2023]).
We reject defendant's contention that Supreme Court erred in finding him in contempt for violating the parties' judgment of divorce. A finding of civil contempt must be supported by four elements: (1) a lawful court order "expressing an unequivocal mandate"; (2) "reasonable certainty" that the order was disobeyed; (3) knowledge of the court's order by the party in contempt; and (4) prejudice to the right of a party to the litigation (El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015] [internal quotation marks omitted]). "The party seeking an order of contempt has the burden of establishing those four elements by clear and convincing evidence" (Dotzler v Buono, 144 AD3d 1512, 1514 [4th Dept 2016]). Contrary to defendant's contention, the court properly determined that plaintiff met her burden by clear and convincing evidence inasmuch as the provision of the judgment requiring defendant to pay plaintiff a certain amount of maintenance for a period of three years was unambiguous and expressed an unequivocal mandate (cf. Matter of Brookover v Harris, 217 AD3d 1411, 1412 [4th Dept 2023]).
Contrary to defendant's further contention, the court did not err in finding defendant in contempt without conducting a hearing. "A hearing is required only if the papers in opposition raise a factual dispute as to the elements of civil contempt, or the existence of a defense" (El-Dehdan v El-Dehdan, 114 AD3d 4, 17 [2d Dept 2013], affd 26 NY3d 19 [2015]; see Jaffe v Jaffe, 44 AD3d 825, 826 [2d Dept 2007]). Here, defendant failed to raise an issue of fact on his defense, i.e., his inability to pay the maintenance obligation (see generally El-Dehdan, 26 NY3d at 35-36). Instead, defendant simply stated in his affidavit that permitting the award of full maintenance for the three-year period would be "unaffordable." "Such '[v]ague and conclusory allegations of . . . inability to pay or perform are not acceptable' " (id. at 36; see Ovsanikow v Ovsanikow, 224 AD2d 786, 787 [3d Dept 1996]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court