Burns v Burns (2024 NY Slip Op 03875)

Burns v Burns

2024 NY Slip Op 03875

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2021-02277 
2021-07795
 (Index No. 37327/07)

[*1]Louis Burns, respondent, 
v
Stephanie Burns, appellant.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Mark Goreczny of counsel), for appellant.
Reingold & Tucker, Brooklyn, NY (Abraham Reingold and Jordan W. Tucker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 22, 2021, and (2) a money judgment of the same court dated May 19, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to the defendant's prior motion to quash a subpoena, which had been granted in a prior order of the same court dated February 20, 2020, and, upon reargument, in effect, vacated the order dated February 20, 2020, and thereupon, denied the defendant's prior motion, granted that branch of the plaintiff's motion which was to confirm a referee's report, made after a hearing, recommending a finding that the defendant willfully and contumaciously failed to comply with an order of the same court dated December 14, 2017, and granted that branch of the plaintiff's motion which was for an award of attorneys' fees and disbursements for the defendant's contempt in failing to comply with the order dated December 14, 2017. The money judgment, upon the order dated February 22, 2021, is in favor of counsel for the plaintiff and against the defendant in the total sum of $51,694, representing attorneys' fees and disbursements.
ORDERED that the appeal from so much of the order dated February 22, 2021, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for an award of attorneys' fees and disbursements is dismissed; and it is further,
ORDERED that the order dated February 22, 2021, is affirmed insofar as reviewed; and it is further,
ORDERED that the money judgment is reversed, on the law, that branch of the plaintiff's motion which was for an award of attorneys' fees and disbursements is denied, and the order dated February 22, 2021, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order dated February 22, 2021, as granted those branches of the plaintiff's motion which were to confirm the referee's report and for an award of [*2]attorneys' fees and disbursements must be dismissed because those portions of that order were superseded by the money judgment. The issues raised on the appeal from those portions of the order dated February 22, 2021, are brought up for review and have been considered on the appeal from the money judgment.
In an agreement dated February 25, 2002 (hereinafter the 2002 agreement), the plaintiff agreed, inter alia, to transfer ownership of two parcels of real property located in Brooklyn (hereinafter the subject properties) to the defendant while the plaintiff retained a life estate in the subject properties. In October 2007, the plaintiff commenced this action alleging, among other things, that the defendant had mortgaged the subject properties without his consent and used the proceeds for her own purposes. Following a nonjury trial, the Supreme Court found, inter alia, that the defendant had breached the 2002 agreement with the plaintiff and that the plaintiff was entitled to a constructive trust with respect to the subject properties. The court also directed the defendant to reconvey the subject properties to the plaintiff.
Thereafter, the plaintiff moved, among other things, to compel the defendant to turn over "all books of account and documents in her possession relating to" the subject properties, as well as all security money and rents that had been deposited with the defendant by the tenants of the subject properties. In an order dated December 14, 2017, the Supreme Court, in effect, granted the plaintiff's motion to the extent of directing the defendant to "turn over all documents + records relating to [the] subject [properties] + security money + rents paid forthwith." In response thereto, the defendant produced certain money and documents to the plaintiff.
The plaintiff then moved to hold the defendant in contempt for her "willful and contumacious violation" of the order dated December 14, 2017, alleging that the defendant had failed to turn over all of the money and the documents required by that order. The Supreme Court directed the parties to appear and present evidence before a special referee, who would make recommendations as to whether the defendant had "willfully and contumaciously" violated the order dated December 14, 2017. Following a hearing, the referee issued a report recommending that the court find that the defendant had willfully and contumaciously failed to comply with the order dated December 14, 2017.
The plaintiff also served the defendant with a judicial subpoena duces tecum, requiring the defendant to produce, among other things, all books, records, and documents relating to rents that the defendant had collected from the tenants of the subject properties during a specific time period, and disbursements and expenditures that the defendant had made for the subject properties during a specific time period. The subpoena was returnable on September 25, 2019. The defendant moved to quash the subpoena, contending, among other things, that the subpoena did not comply with CPLR 3120 because it directed the defendant to produce the documents on a date less than 20 days from when it was served. In an order dated February 20, 2020, the Supreme Court granted the defendant's motion to quash the subpoena.
Thereafter, the plaintiff moved, inter alia, for leave to reargue his opposition to the defendant's motion to quash the subpoena, and, upon reargument, to vacate the order dated February 20, 2020, and deny the defendant's motion to quash the subpoena, to confirm the referee's report finding that the defendant had willfully and contumaciously failed to comply with the order dated December 14, 2017, and for an award of attorneys' fees and disbursements as a sanction for the defendant's willful and contumacious failure to comply with the order dated December 14, 2017. In an order dated February 22, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, in effect, vacated the order dated February 20, 2020, and thereupon, denied the defendant's motion to quash the subpoena. The court also granted those branches of the plaintiff's motion which were to confirm the referee's report and for an award of attorneys' fees and disbursements, concluding that the plaintiff was entitled to an award of reasonable attorneys' fees and disbursements incurred by the plaintiff to compel the defendant's compliance with the order dated December 14, 2017. The court issued a money judgment in favor of the plaintiff's counsel and against the defendant in the sum of $51,694, representing the reasonable attorneys' fees and disbursements incurred to compel the defendant's [*3]compliance with the order dated December 14, 2017.
The defendant appeals from the order dated February 22, 2021, and the money judgment.
The Supreme Court properly granted that branch of the plaintiff's motion which was for leave to reargue, and, upon reargument, in effect, vacated the order dated February 20, 2020, and thereupon, denied the defendant's motion to quash the subpoena. "[T]he purpose of a subpoena duces tecum is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483 [internal quotation marks omitted]; see CPLR 2301). Unlike discovery subpoenas duces tecum, which are governed by CPLR 3120, trial subpoenas tecum require that the documents be delivered to the court and are governed by CPLR 2301 (see Fuzak v Donohue, 23 AD3d 1022, 1023). Here, the plaintiff served a trial subpoena duces tecum on the defendant seeking, among other things, all books, records, and documents relating to rents that the defendant had collected from the tenants of the subject properties during a specific time period, and disbursements and expenditures that the defendant had made for the subject properties during a specific time period. The plaintiff subpoenaed these records and documents for use during a hearing that was scheduled on the plaintiff's cause of action for an accounting (see Burns v Burns, 174 AD3d 570). Therefore, the court properly determined, upon reargument, that the plaintiff was not required to comply with CPLR 3120(2). Further, the defendant failed to demonstrate that the subpoena was duplicative of a subpoena that the plaintiff had previously served on the defendant.
Moreover, contrary to the defendant's contention, the plaintiff moved, in effect, to hold the defendant in criminal and/or civil contempt based upon the defendant's failure to comply with the December 14, 2017 order (see generally Evans v Evans, 242 AD2d 955, 955). However, in connection with that motion, the referee recommended only that the defendant be found to have willfully and contumaciously failed to comply with the order dated December 14, 2017. The referee did not recommend that the defendant be found in civil and/or criminal contempt (see Judiciary Law §§ 750, 753). The Supreme Court properly granted that branch of the plaintiff's motion which was to confirm the referee's report because the referee's recommended finding that the defendant had willfully and contumaciously failed to comply with the order dated December 14, 2017, was substantially supported by the record (see Pathak v Shukla, 164 AD3d 690, 691; Capili v Ilagan, 26 AD3d 354, 354).
However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of attorneys' fees and disbursements as punishment for the defendant's willful and contumacious failure to comply with the order dated December 14, 2017. The court erred in awarding the plaintiff attorneys' fees and disbursements pursuant to CPLR 3126 because the plaintiff did not move to impose sanctions on the defendant pursuant to CPLR 3126. To the extent the court, in effect, found the defendant in criminal contempt when it confirmed the referee's report, the court could not properly award attorneys' fees and disbursements to the plaintiff as punishment (see Judiciary Law § 751; Clinton Corner H.D.F.C. v Lavergne, 279 AD2d 339, 341; see also Pitterson v Watson, 299 AD2d 467, 468). Furthermore, while attorneys' fees may properly be awarded as a sanction for civil contempt (see Judiciary Law § 773; Vider v Vider, 85 AD3d 906, 908; Schwartz v Schwartz, 79 AD3d 1006, 1010), the court did not find the defendant in civil contempt (see Legacy Org., Inc. v Nomellini, 221 AD3d 487; Kiperman v Steinberg, 234 AD2d 518, 519).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal in the defendant's reply brief, or need not be reached in light of our determination.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court